**JUDGE ENGELMAYER**

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
Eric J. Gitig (EG 7399)
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone:  (212) 300-0375

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
*  Pro Hac Vice  to be Filed
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788

11 CV 6835

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRITZ GIRAULT, ARTHUR HAMPTON, JEAN DURAVIL PIERRE LOUIS, ALPHANSO OLIPHANT, and DANIEL VINCENT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>SUPERSOL 661 AMSTERDAM, LLC, SUPERSOL OF THE UPPER WEST SIDE, LLC, SUPER SOL LTD., SUPERSOL OF THE WESTSIDE, LLC, SUPERSOL OF WESTCHESTER, INC., SUPERSOL OF QUEENS, INC., LAURENCE GARBER, and BENJAMIN SCHRIER,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br> |

Plaintiffs Fritz Girault, Arthur Hampton, Jean Duravil Pierre Louis, Alphanso Oliphant,

and Daniel Vincent (collectively "Plaintiffs"), individually and on behalf of all others similarly

situated, as class representatives, upon personal knowledge as to themselves and upon

information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers who work or have worked as hourly employees at the Supersol Kosher Supermarkets in New York located at: 661 Amsterdam Avenue, New York, New York 10025; 330 Central Avenue, Lawrence, New York 11559; 1066 Wilmot Road, Scarsdale, New York 10583; 68-18 Main Street, Flushing, New York 11367; and 3711 Riverdale Avenue, Bronx, New York 10463 (collectively "Supersol").

2.      Supersol is a chain of supermarkets located throughout the State of New York that has been servicing the retail kosher food sector for over 25 years.  According to its website, Supersol is, "the largest 'all kosher' store in the city," whose, "reputation as the premier 'brand' in the industry has been established over the years . . ."

3.      Unfortunately, Laurence Garber, the owner of Supersol, seems to have forgotten the struggles of low-wage workers trying to make ends meet.  His success, and that of his Supersol supermarkets, has come on the backs of its hourly employees.  The defendants – individuals and entities that own, operate, and/or manage Supersol – have denied their workers agreed upon wages and overtime pay for the many hours they worked.

4.      Plaintiffs bring this action on behalf of themselves and those similarly situated current and former hourly employees of Supersol who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

5.      Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former hourly employees of Supersol who work or have worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

#### Fritz Girault

6.      Plaintiff Fritz Girault ("Girault") is an adult individual who is a resident of Far West Hempstead, New York.

7.      Girault was employed by Defendants as a delivery person and customer shopper, an hourly employee, at the Lawrence Supersol and the Supersol located at 68-18 Main Street, Flushing, New York 11367 from in or around 1995 through March 18, 2011.

8.      Girault is a covered employee within the meaning of the FLSA and the NYLL.

9.      A written consent form for Girault is attached to this Class Action Complaint.

#### Arthur Hampton

10.      Plaintiff Arthur Hampton ("Hampton") is an adult individual who is a resident of Far Rockaway, New York.

11.      Hampton was employed by Defendants as a produce department stock clerk, an hourly employee, at the Supersol located at 330 Central Avenue, Lawrence, New York 11559 (the "Lawrence Supersol") from in or around 1986 through March 18, 2011.

12.      Hampton is a covered employee within the meaning of the FLSA and the NYLL.

13.      A written consent form for Hampton is attached to this Class Action Complaint.

**Jean Duravil Pierre Louis**

14.     Plaintiff Jean Duravil Pierre Louis ("Louis") is an adult individual who is a resident of Far Rockaway, New York.

15.     Louis was employed by Defendants as a dairy department manager, an hourly employee, at the Lawrence Supersol from in or around 1993 through March 18, 2011.

16.     Louis is a covered employee within the meaning of the FLSA and the NYLL.

17.     A written consent form for Louis is attached to this Class Action Complaint.

**Alphanso Oliphant**

18.     Plaintiff Alphanso Oliphant ("Oliphant") is an adult individual who is a resident of Far Rockaway, New York.

19.     Oliphant was employed by Defendants as a butcher and butcher's helper, an hourly employee, at the Lawrence Supersol from in or around 1993 through March 18, 2011.

20.     Oliphant is a covered employee within the meaning of the FLSA and the NYLL.

21.     A written consent form for Oliphant is attached to this Class Action Complaint.

**Daniel Vincent**

22.     Plaintiff Daniel Vincent ("Vincent") is an adult individual who is a resident of Far Rockaway, New York.

23.     Vincent was employed by Defendants as a general helper, an hourly employee, at the Lawrence Supersol from in or around 2002 through March 18, 2011.

24.     Vincent is a covered employee within the meaning of the FLSA and the NYLL.

25.     A written consent form for Vincent is attached to this Class Action Complaint.

**Defendants**

26.     Defendants Supersol 661 Amsterdam, LLC, Supersol of the Upper West Side, LLC, Super Sol Ltd., Supersol of the Westside, LLC, Supersol of Westchester, Inc., Supersol of Queens, Inc., Laurence Garber, and Benjamin Schrier (collectively "Defendants") jointly employed Plaintiffs and similarly situated employees at all times relevant.  Each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

27.     During all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and the NYLL.

28.     Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

29.     Upon information and belief, Defendants' operations are interrelated and unified.

30.     Upon information and belief, during all relevant times, Supersol shared a common management and was centrally controlled and/or owned by Defendants.

31.     Upon information and belief, during all relevant times, Defendants have had control over, and the power to change compensation practices at Supersol.

32.     Upon information and belief, during all relevant times, Defendants have had control over, and the power to change compensation practices at Supersol.

33.     Upon information and belief, Defendants have had the power to determine employee policies at Supersol, including, but not limited to, time-keeping and payroll policies.

**Supersol 661 Amsterdam, LLC**

34.     Together with the other Defendants, Supersol 661 Amsterdam, LLC ("Amsterdam") has owned and/or operated Supersol.

35.    Amsterdam is a domestic business corporation organized and existing under the laws of New York.

36.    Upon information and belief, Amsterdam's principal executive office is located at 661 Amsterdam Avenue, New York, New York 10025.

37.    Amsterdam is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

38.    Upon information and belief, at all times relevant, Amsterdam's annual gross volume of sales made or business done was not less than $500,000.00.

**Supersol of the Upper West Side, LLC**

39.    Together with the other Defendants, Supersol of the Upper West Side, LLC ("Upper West Side") has owned and/or operated Supersol.

40.    Upper West Side is a domestic business corporation organized and existing under the laws of New York.

41.    Upon information and belief, Upper West Side's principal executive office is located at 661 Amsterdam Avenue, New York, New York 10025.

42.    Upper West Side is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

43.    Upon information and belief, at all times relevant, Upper West Side's annual gross volume of sales made or business done was not less than $500,000.00.

**Super Sol Ltd.**

44.     Together with the other Defendants, Super Sol Ltd. ("Super Sol") has owned and/or operated Supersol.

45.     Super Sol is a domestic business corporation organized and existing under the laws of New York

46.     Upon information and belief, Super Sol's principal executive office is located at 330 Central Avenue, Lawrence, New York 11598.

47.     Super Sol is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

48.     Upon information and belief, at all times relevant, Super Sol's annual gross volume of sales made or business done was not less than $500,000.00.

**Supersol of the Westside, LLC**

49.     Together with the other Defendants, Supersol of the Westside, LLC ("Westside") has owned and/or operated Supersol.

50.     Westside is a domestic business corporation organized and existing under the laws of New York.

51.     Upon information and belief, Westside's principal executive office is located at 330 Central Avenue, Cedarhurst, New York 11598.

52.     Westside is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

53.     Upon information and belief, at all times relevant, Westside's annual gross volume of sales made or business done was not less than $500,000.00.

**Supersol of Westchester, Inc.**

54.     Together with the other Defendants, Supersol of Westchester, Inc. ("Westchester") has owned and/or operated Supersol.

55.     Westchester is a domestic business corporation organized and existing under the laws of New York.

56.     Upon information and belief, Westchester's principal executive office is located at 1066 Wilmot Road, Scarsdale, New York 10583.

57.     Westchester is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

58.     Upon information and belief, at all times relevant, Westchester's annual gross volume of sales made or business done was not less than $500,000.00.

**Supersol of Queens, Inc.**

59.     Together with the other Defendants, Supersol of Queens, Inc. ("Queens") has owned and/or operated Supersol.

60.     Queens is a domestic business corporation organized and existing under the laws of New York.

61.     Upon information and belief, Queens's principal executive office is located at 68-18 Main Street, Flushing, New York 11367.

62.     Queens is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

63.     Upon information and belief, at all times relevant, Queens's annual gross volume of sales made or business done was not less than $500,000.00.

**Individual Defendants**

### Laurence Garber

64.     Upon information and belief, Laurence Garber ("Garber") is a resident of the state of New York.

65.     Upon information and belief, Garber is the owner and/or president of Supersol.

66.     Upon information and belief, at all relevant times, Garber has had power over personnel decisions at Supersol, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

67.     Upon information and belief, at all times relevant, Garber has had power over payroll decisions at Supersol, including the power to retain time and/or wage records.

68.     Upon information and belief, Garber is actively involved in managing the day to day operations of Supersol.

69.     Upon information and belief, at all times relevant, Garber has also had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

70.     Garber is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

### Benjamin Schrier

71.     Upon information and belief, Benjamin Schrier ("Schrier") is a resident of the state of New York.

72.     Upon information and belief, Schrier is the general manager of the Lawrence Supersol.

73.     Upon information and belief, at all relevant times, Schrier has had power over personnel decisions at the Lawrence Supersol, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

74.     Upon information and belief, at all times relevant, Schrier has had power over payroll decisions at the Lawrence Supersol, including the power to retain time and/or wage records.

75.     Upon information and belief, Schrier is actively involved in managing the day to day operations of the Lawrence Supersol.

76.     Upon information and belief, at all times relevant, Schrier has also had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

77.     Schrier is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

78.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

79.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

80.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

81.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

82.     Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated persons who work or have worked as hourly employees at Supersol in the United States who elect to opt-in to this action ("the FLSA Collective").

83.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs.  Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

84.     Plaintiffs bring the Second Cause of Action, an NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked for Defendants as hourly
> employees at Supersol in New York between September 26, 2005
> and the date of final judgment in this matter (the "Rule 23 Class").

85.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

86.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

87.     Upon information and belief, the size of the Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

88.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

89.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated NYLL Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged herein;

(b)     whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)     whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Rule 23 Class, and other records required by the NYLL;

(d)     whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with accurate  statements of earnings, as required by the NYLL;

(e)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(f)     the nature and extent of class-wide injury and the measure of damages for those injuries.

90.     The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and all the Rule 23 Class members work, or have worked, as hourly employees at Supersol in New York.  Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked and to be paid overtime wages. Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

91.     Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class members.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiffs and the Rule 23 members.

92.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

93.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

94.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

**Fritz Girault**

95.     Defendants did not pay Girault the proper premium overtime compensation for all of the hours he worked over forty in a workweek.

96.     From 1995 to in or around 2008, Defendants consistently suffered or permitted Girault to work approximately 65 to 70 hours per week; from in or around 2008 through March 18, 2011, Defendants consistently suffered or permitted Girault to work approximately 52 hours per week.

97.     Defendants did not keep accurate records of wages earned or of hours worked by Girault, and falsely reported the amount of hours Girault worked.

**Arthur Hampton**

98.     Defendants did not pay Hampton the proper premium overtime compensation for all of the hours he worked over forty in a workweek.

99.     From 1986 to November 2010, Defendants consistently suffered or permitted Hampton to work approximately 47 hours per week.

100.    Defendants did not keep accurate records of wages earned or of hours worked by Hampton, and falsely reported the amount of hours Hampton worked.

**Jean Duravil Pierre Louis**

101.    Defendants did not pay Louis the proper premium overtime compensation for all of the hours he worked over forty in a workweek.

102.    From 1993 to in or around 2008, Defendants consistently suffered or permitted Louis to work approximately 60 to 65 hours per week; from in or around 2008 through March 18, 2011, Defendants consistently suffered or permitted Louis to work approximately 52 hours per week.

103.    Defendants did not keep accurate records of wages earned or of hours worked by Louis, and falsely reported the amount of hours Louis worked.

**Alphanso Oliphant**

104.    Defendants did not pay Oliphant the proper premium overtime compensation for all of the hours he worked over forty in a workweek.

105.    From 1993 to in or around 2007, Defendants consistently suffered or permitted Oliphant to work approximately 65 to 70 hours per week; from in or around 2007 through March 18, 2011, Defendants consistently suffered or permitted Oliphant to work approximately 49 hours per week.

106.    Defendants did not keep accurate records of wages earned or of hours worked by Oliphant, and falsely reported the amount of hours Oliphant worked.

**Daniel Vincent**

107.    Defendants did not pay Vincent the proper premium overtime compensation for all of the hours he worked over forty in a workweek.

108.    From 2002 to in or around 2006, Defendants consistently suffered or permitted Vincent to work approximately 80 hours per week; from in or around 2006 through March 18, 2011, Defendants consistently suffered or permitted Vincent to work approximately 58 to 60 hours per week.

109.    Defendants did not keep accurate records of wages earned or of hours worked by Vincent, and falsely reported the amount of hours Vincent worked.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

110.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

111.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

112.    Defendants have failed to pay Plaintiffs and the members of the FLSA Collective overtime wages for all of the hours they worked in excess of 40 hours in a workweek.

113.    As a result of Defendants' unlawful acts, Plaintiffs and the members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

114.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective.

115.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### SECOND CAUSE OF ACTION
**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

116.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

117.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations, including, but not limited to 12 N.Y.C.R.R. § 142-2.2, apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

118.    Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

119.    By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §§ 142-2.2, 142-2.9.

120.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly employees at Supersol. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.    Unpaid overtime pay and liquidated damages pursuant to NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

D.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as class counsel;

F.      Pre-judgment interest and post-judgment interest;

G.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

H.      Reasonable attorneys' fees and costs of the action;

I.      Such other relief as this Court shall deem just and proper.


Dated: New York, New York
       September 29, 2011


                              Respectfully submitted,

                              FITAPELLI & SCHAFFER, LLP

                              By:

                              _____
                              Joseph A. Fitapelli (JAF 9058)

                              FITAPELLI & SCHAFFER, LLP
                              Joseph A. Fitapelli (JAF 9058)
                              Brian S. Schaffer (BSS 7548)
                              Eric J. Gitig (EG 7399)
                              475 Park Avenue South, 12th Floor
                              New York, New York 10016
                              Telephone:  (212) 300-0375

                              **BRUCKNER BURCH PLLC**
                              Richard J. Burch
                              * Pro Hac Vice to be Filed
                              8 Greenway Plaza, Suite 1500
                              Houston, Texas 77046
                              Telephone: (713) 877-8788

                              *Attorneys for Plaintiffs and
                              the Putative Class*

- 18 -

## FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against SuperSol and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b).   I hereby designate Fitapelli & Schaffer, LLP, Bruckner Burch PLLC, and Michael D. Lore, P.C. to represent me in such a lawsuit.

Signature

FRITZ GIRAULT

Full Legal Name (Print)

Address

City, State          Zip Code

## FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against SuperSol and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Fitapelli & Schaffer, LLP, Bruckner Burch PLLC, and Michael D. Lore, P.C. to represent me in such a lawsuit.


*Arthur Hampton*

Signature

ARTHUR HAMPTON

Full Legal Name (Print)

█████████████████████████

Address

█████████████████████████

City, State        Zip Code

## FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against SuperSol and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b).  I hereby designate Fitapelli & Schaffer, LLP, Bruckner Burch PLLC, and Michael D. Lore, P.C. to represent me in such a lawsuit.

*Jean D. Pierre Louis*

Signature

*Jean D. Pierre Louis*

Full Legal Name (Print)

████████████████████████████

Address

████████████████████████████

City, State          Zip Code

<u>FAIR LABOR STANDARDS ACT CONSENT</u>

I, consent to be a party plaintiff in a lawsuit against SuperSol and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b).  I hereby designate Fitapelli & Schaffer, LLP, Bruckner Burch PLLC, and Michael D. Lore, P.C. to represent me in such a lawsuit.

*Daniel Vincent*

Signature

DANIEL VINCENT

Full Legal Name (Print)

█████████████████████████

Address

█████████████████████████

City, State          Zip Code