UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 6/28/12
```

FRITZ GIRAULT, ARTHUR HAMPTON,
JEAN DURAVIL PIERRE LOUIS, ALPHANSO
OLIPHANT, and DANIEL VINCENT, on behalf of
themselves and all others similarly situated

                *Plaintiffs*,

v.

SUPERSOL 661 AMSTERDAM, LLC, SUPERSOL
OF THE UPPER WEST SIDE, LLC,
SUPER SOL LTD., SUPERSOL OF THE
WESTSIDE, LLC, SUPERSOL OF
WESTCHESTER, INC., SUPERSOL OF
QUEENS, INC., LAURENCE GARBER, and
BENJAMIN SCHRIER,

                *Defendants*.

Case No. 1:11 CIV 6835 (PAE)

ECF Case

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

The above-entitled matter came before the Court on Plaintiffs' Motion for Order Conditionally Certifying a Settlement Class and Preliminarily Approving Class Action Settlement with Memorandum in Support ("Motion for Preliminary Approval").

### I. PRELIMINARY APPROVAL OF SETTLEMENT

1. Based upon the Court's review of the Motion for Preliminary Approval and the supporting documents attached thereto, the Court grants preliminary approval of the settlement memorialized in the Joint Settlement and Release ("Settlement Agreement"), attached to the Motion for Preliminary Approval as Exhibit 1.

2.     The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Danieli v. IBM*, No. 08 Civ. 3688, 2009 WL 6583144, at *4-5 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted").

3.     The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution and defense of wage and hour class and collective actions.

## II.   CONDITIONAL CERTIFICATION OF THE PROPOSED RULE 23 SETTLEMENT CLASS

4.     The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Class"):

> "[A]ll former hourly employees of Super Sol stores (including 330 Central Avenue, Lawrence, New York 11559, 661 Amsterdam Avenue, New York, New York, 10025, 1066 Wilmont Road, Scarsdale, New York 10583, and 68-18 Main Street, Flushing, New York 11367) in the state of New York, who were employed at any time during the period from September 26, 2005 to March 18, 2011 who worked an average of thirty-two (32) hours or more during this period, but claim they were not paid overtime compensation (one-half of their regular rate of pay) in addition to straight time pay for all hours worked in excess of forty (40) in any given week."

5.     Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

6.     Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are more than 100 putative Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members").

7.      Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including whether Defendants unlawfully failed to pay proper premium overtime compensation, whether these alleged violations were willful, whether Defendants acted in good faith. *See Matheson v. The Glazier Group, Inc., et al.*, No. 09 Civ. 4212 (DAB), 2011 WL 6268216, at *2 (S.D.N.Y. Dec. 13, 2011); *Campos v. Goode*, No. 10 Civ. 0224, 2010 WL 5508100, at *1-2 (S.D.N.Y. Nov. 29, 2010); *O'Dell. v. AMF Bowling Centers, Inc.*, No. 09 Civ. 759 (DLC), 2009 WL 6583142, at *1 (S.D.N.Y. Sept. 18, 2009).

8.      These alleged wage and hour violations – involving common operative facts stemming from corporate policies that affected the class members in the same way – are sufficient to meet Rule 23(a)'s commonality factor. *See Matheson*, 2011 WL 6268216, at *2; *Campos*, 2010 WL 5508100, at *1-2; *O'Dell*, 2009 WL 6583142, at *1.

9.      Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because there is no evidence that the named Plaintiffs' and the class members' interests are at odds. *See Matheson*, 2011 WL 6268216, at *3; *O'Dell*, 2009 WL 6583142, at *2; *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 02494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009).

10.      In addition, Plaintiffs' counsel "are experienced and well-qualified employment lawyers and class action lawyers and have particular expertise in prosecuting and settling wage and hour class actions." *Matheson*, 2011 WL 6268216, at *3 (referring to Fitapelli & Schaffer); *see also, Diaz v. Scores Holding Co., Inc.*, 07 CIV. 8718 THK, 2011 WL 6399468, at *5 (S.D.N.Y. July 11, 2011) (referring to Bruckner Burch as "experienced employment lawyers with good reputations among the employment law bar").

11. Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Matheson*, 2011 WL 6268216, at *3; *deMunecas v. Bold Food, LLC*, No. 09 Civ. 0440, 2010 WL 2399345, at *1 (S.D.N.Y Apr. 19, 2010); *O'Dell*, 2009 WL 6583142, at *2. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Matheson*, 2011 WL 6268216, at *3; *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328, at *3 (S.D.N.Y. Mar. 3, 2010); *O'Dell*, 2009 WL 6583142, at *2.

### III. APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL

12. The Court appoints Bruckner Burch and Fitapelli & Schaffer as Class Counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

13. Bruckner Burch and Fitapelli & Schaffer did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims, have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law. *See, e.g., Diaz*, 2011 WL 6399468, at *5; *Matheson*, 2011 WL 6268216, at *3; *O'Dell*, 2009 WL 6583142, at *2. Courts have found both Bruckner Burch and Fitapelli & Schaffer to be adequate class counsel in numerous employment law class actions. *See, e.g., Matheson*, 2011 WL 6268216, at *3 (Fitapelli & Schaffer); *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 328 n. 5 (N.D. Ill. 2010) (Bruckner Burch).

- 4 -

14. The work that these law firms performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

## IV. CLASS NOTICE

15. The Court approves the Proposed Court Authorized Notice ("Notice"), which is attached as Exhibit A to the Settlement Agreement, and directs its distribution to the Class.

16. The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

17. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

18. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 46, 52 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

19. The Notice describes the terms of the settlement, the class member's estimated shares, the allocation of attorneys' fees and costs, and provides specific information regarding the date, time, and place of the final approval hearing.

## V. CLASS ACTION SETTLEMENT PROCEDURE

20. The Court hereby sets the following settlement procedure:

   a. Within 5 business days of the date of this Order, the Claims Administrator shall mail the Notice to Class Members within 30 days of receiving the Class List;

b. Class Members will have 45 days from the date the Notice is mailed to opt out of the settlement or object to it ("Notice Period");

c. Plaintiffs will file a Motion for Final Approval of Settlement within 15 days of the fairness hearing;

d. The Court will hold a final fairness hearing on **October 4, 2012** at **10** a.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom **18C**;

e. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. The date of the Court's Final Order and Judgment will be the "Effective Date" of the Settlement Agreement;

f. The Claims Administrator will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Awards to Named Plaintiffs, and the Claims Administrator's fee within 5 business days of the Effective Date; and

g. The parties shall abide by all other terms of the Settlement Agreement.

It is so ORDERED this **28** day of **June**, 2012.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge