UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
FRITZ GIRAULT *on behalf of himself and others similarly* :
*situated* et al.,                                                      :         11 Civ. 6835 (PAE)
                                                                        :
                                         Plaintiffs,                    :         OPINION & ORDER
                                                                        :
                -v-                                                     :
                                                                        :
SUPERSOL 661 AMSTERDAM, LLC et al.,                                     :
                                                                        :
                                         Defendants.                    :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On September 29, 2011, plaintiffs Fritz Girault, Arthur Hampton, Jean Duravil Pierre Louis, Alphanso Oliphant, and Daniel Vincent brought this wage and hour class action against defendants Supersol 661 Amsterdam, LLC; Supersol of the Upper West Side, LLC; Supersol Ltd.; Supersol of the Westside, LLC; Supersol of Westchester, Inc.; Supersol of Queens, Inc.; Laurence Garber; and Benjamin Schrier.  Plaintiffs alleged that defendants violated federal and state labor laws governing the payment of overtime wages, including the Fair Labor Standards Act, 29 U.S.C. § 201, New York Labor Law §§ 160 and 650, and the supporting New York Department of Labor regulations.  Specifically, plaintiffs alleged that defendants paid non-exempt workers at their regular rate, rather than the required time and a half, for hours worked in excess of 40 hours a week.  Plaintiffs sought to recover overtime wages, attorney's fees and costs, interest, and liquidated damages.

Upon receipt of the complaint, defendants communicated, through counsel, their willingness to engage in settlement discussions.  The parties met in person several times and held

1

numerous conference calls.  Formal discovery was held in abeyance because of the active settlement discussions, but the parties exchanged payroll and timekeeping data related to the wage action, as well as information relating to defendants' ability to withstand a judgment.  The parties ultimately reached a settlement agreement, providing for a total settlement award of $650,000.

On June 28, 2012, this Court preliminarily approved the proposed class settlement and preliminarily certified the settlement class, which is defined as:

> "All former hourly employees of Super Sol stores (including 330 Central Avenue, Lawrence, New York 11559; 661 Amsterdam Avenue, New York, New York, 10025; 1066 Wilmont Road, Scarsdale, New York, 10583; and 68-18 Main Street, Flushing, New York 11367) in the State of New York, who were employed at any time during the period from September 26, 2005 to March 18, 2011 who worked an average of 32 hours or more during this period, but claim they were not paid overtime compensation (one-half of their regular rate of pay) in addition to straight time pay for all hours worked in excess of 40 in any given week."

Pursuant to the Preliminary Approval Order, plaintiffs filed their Motion for Final Approval.  The Court held a final fairness hearing on October 4, 2012 (the "Fairness Hearing").  No objections to the settlement were raised.  After hearing argument and discussing a discrete issue relating to the scope of the proposed release, the Court read its decision from the bench, explaining in some detail its basis for approving the settlement, and for awarding the attorney's fees, costs, service awards, and claims administrator's fees that are described below.  The Court's statement from the bench is incorporated by reference in this order.

Having considered the Motion for Final Approval, the supporting memorandum of law; the declarations in support thereof; the oral arguments presented at the Fairness Hearing; and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

It is hereby ORDERED that:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. This Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138–39 (2d Cir. 2000)).

3. The $650,000 settlement amount is substantial and includes meaningful payments to Class Members. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated. It was the result of arm's-length negotiations, which were undertaken in good faith by counsel with experience in litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).

4. The Parties' judgment that the settlement is fair and reasonable, as well as the Class's favorable response to the settlement, both weigh in favor of final approval of the settlement.

5. The Settlement shall be effective 30 days after entry of this Order if no appeal is taken of this Order. If an appeal is taken in this matter, the effective date shall be the date the Court enters a final order and judgment after resolving any appeals.

6. The Court also approves the settlement of the five plaintiffs who opted in to the FLSA class action. The Court finds that it is a fair and reasonable resolution of a *bona fide*

dispute reached as a result of contested litigation.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1981).

7. Upon the effective date of the settlement, each Class Member shall have released all claims as defined in the settlement agreement, *provided*, however, that any member of the class who did not affirmatively opt in to the FLSA class action, and who did not cash his or her settlement check, is not precluded by this settlement from bringing future FLSA claims against defendants arising out of the same events alleged in this action.  Under this release, however, a class member who does cash his or her settlement check is precluded from bringing such claims.

8. This Court awards Class Counsel $2,655.06 for costs and expenses incurred in this litigation to be paid from the settlement fund.

9. This Court awards Class Counsel $200,000, as attorneys' fees to be paid from the settlement fund.  The Court finds that this fee award is fair and reasonable.

10. This Court awards the Claims Administrator its reasonable fees, up to $15,000, subject to Class Counsel's review of the Claims Administrator's invoices, in administering this settlement.  Pursuant to the settlement agreement, these fees are not to be paid from the settlement fund.

11. This Court approves the following Service Awards, to be paid from the settlement fund: $2,500 for each of Plaintiffs Fritz Girault, Arthur Hampton, Jean Duravil Pierre Louis, Aphanso Oliphant, and Daniel Vincent.  These Service Awards are reasonable in light of the efforts these individuals expended in furthering the interests of the Class.

12. Without affecting the finality of this Judgment and Order, the Court reserves continuing and exclusive jurisdiction over parties to the settlement agreement to administer,

supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

13.  The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order be, and hereby is, entered as a final order.

The Clerk of Court is directed to terminate the motion at docket number 17, and to close the case.

**SO ORDERED**

_____
Hon. Paul A. Engelmayer
United States District Judge

Dated: October 4, 2012
       New York, New York